J-S65034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS FLANAGAN | |
| Appellant | No. 3398 EDA 2014 |

Appeal from the PCRA Order November 7, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-MD-0002831-1981

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:            **FILED MARCH 09, 2016**

Appellant Dennis Flanagan appeals from the order of the Bucks County Court of Common Pleas denying Appellant's petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  Pursuant to this Court's decision in **Commonwealth v. Secreti**, 578 WDA 2015 (Pa.Super., 2/9/16), the order is reversed, Appellant's judgment of sentence is **VACATED**, and this case is remanded for resentencing.

On January 25, 2016, the Supreme Court of the United States held in **Montgomery v. Louisiana**, ___ U.S. ___, 2016 WL 280758 *12 (filed January 25, 2016, as revised on January 27, 2016), that its decision in **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455 (2012), applies retroactively.  **Miller** held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a

homicide defendant for a murder committed while the defendant was a juvenile.

Shortly after the issuance of **Montgomery**, this Court entered a published opinion in **Secreti**. There, the appellant was sentenced to automatic life imprisonment without possibility of parole for committing first-degree murder as a juvenile. On June 25, 2012, the United States Supreme Court issued its decision in **Miller.** On August 15, 2012, the appellant filed a timely PCRA petition seeking relief under **Miller**. On February 9, 2016, following **Montgomery**, this Court held that (1) **Miller** applied retroactively to the appellant's sentence under the PCRA's retroactivity provision, 42 Pa.C.S. § 9545(b)(1)(iii); (2) the appellant's sentence was unconstitutional under **Miller**, and (3) the appellant was entitled to a new sentencing hearing.

**Secreti** squarely applies to this case. In 1981, Dennis Flanagan pled guilty to first-degree murder for a murder that he committed as a juvenile. Appellant also pled guilty to robbery, theft by unlawful taking, receiving stolen property and conspiracy and was given a concurrent sentence of 10 to 20 years' incarceration. On March 2, 2001, a PCRA court granted Appellant's PCRA petition, allowing Appellant to withdraw his guilty plea. This Court and the Supreme Court of Pennsylvania affirmed the PCRA order granting relief. Following a jury trial in February, 2005, Appellant was found guilty of second-degree murder, robbery, theft, receiving stolen property, and conspiracy to commit robbery. On February 25, 2005, the trial court

sentenced Appellant to mandatory life imprisonment without parole. On August 9, 2012, Appellant filed a PCRA petition seeking relief under *Miller*. As in *Secreti*, (1) *Miller* applies retroactively to Appellant's sentence under 42 Pa.C.S. § 9545(b)(1)(iii); (2) Appellant's sentence is unconstitutional under *Miller*, and (3) Appellant is entitled to a re-sentencing in accordance with *Miller*.

Accordingly, we reverse the PCRA court's order denying relief to Appellant under *Miller*, we vacate Appellant's judgment of sentence, and we remand to the court of common pleas for resentencing.

Order reversed. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/9/2016